■ GEORGE GOLASZEWSKI, Plaintiff, v CADMAN PLAZA NORTH, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. KANO CONSTRUCTION CORP., Doing Business as KAY CONSTRUCTION CORP., Third-Party Defendant-Appellant.—

In the underlying personal injury action, the jury found no liability on the part of either the defendants and third-party plaintiffs or third-party defendant. The defendants and third-party plaintiffs claim that the third-party defendant is obligated to indemnify them for the costs of defending the action pursuant to an indemnification agreement and an insurance policy obtained by third-party defendant. We disagree.

The one-page letter of agreement wherein the third-party defendant agreed to repair brickwork on a building owned by the defendants and third-party plaintiffs merely states that "[a]ll work is covered by Workman's Compensation and Public Liability Insurance" and makes no reference to indemnification express *or* implied. The third-party defendant's general comprehensive liability insurance policy specifically lists the defendants and third-party plaintiffs as certificate holders of the policy, proof that the third-party defendant obtained coverage pursuant to the parties' agreement.

Although the insurance policy appears to cover "contractual" liability, it is not spelled out as to what contract is intended. Neither the one-page agreement nor the policy provide for indemnification of the defendants and third-party plaintiffs for legal fees, costs, and disbursements in defending the main action to recover damages for personal injuries.

In the absence of any agreement, express or implied, the Supreme Court was without authority to grant indemnification for attorneys' fees, costs, and disbursements. Mollen, P. J., Brown, Kooper and Miller, JJ., concur.